diction. The fundamental necessity for strict adherence to this procedure will be more apparent if we view this case in the light of an assumption that the Supreme Court action had been instituted in New York county. Under such circumstances, it is clear that neither the Supreme Court of New York county nor the Appellate Division of the First Department could, with propriety, stay a proceeding before the surrogate of Franklin county.

The orders appealed from should be affirmed.

In the Matter of the Application of JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Petitioner, for an Order Pursuant to Article 78 of the Civil Practice Act to Review the Disapproval of a Policy Form against LOUIS H. PINK, as Superintendent of Insurance of the State of New York, Respondent.— Motion denied, with ten dollars costs. Present — Hill, P. J., Crapser, Bliss, Schenck and Foster, JJ.

In the Matter of the Claim of CHARLES BIATOLBZSKI, Respondent, against E. A. CAPPELEN SMITH and THE EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LTD., Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal from a decision and award of the State Industrial Board holding the claimant to be an employee and not an independent contractor and making an award of disability benefits under the Workmen's Compensation Law. The claimant was engaged as a general handy man and to do rough carpentry and tree trimming at five dollars per day. There was no estimated contract price for one particular job. The employer furnished some tools which were unsatisfactory and then the claimant used his own tools. The employer furnished some of the equipment and while claimant was working trimming a tree and the employer's foreman was working with him, claimant fell and was injured. On this evidence the finding of the Industrial Board that claimant was an employee cannot be disturbed. Appellants raise the further point that the denial by a single member of the Industrial Board of their request to submit the case to the full membership of the Board constituted an arbitrary exercise of power and unwarranted under the statute. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Bliss, Heffernan, Schenck and Foster, JJ.

In the Matter of the Claim of EDWARD ZEH, Respondent, against ST. FRANCIS DE SALES R. C. CHURCH and UNITED STATES FIDELITY & GUARANTY COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— The employer and its insurance carrier have appealed from a decision of the State Industrial Board and from an award of disability compensation in favor of claimant. On August 29, 1940, while claimant was repairing windows on a school building, owned and operated by the employer, he fell and sustained the injuries for which the award was made. The only issue involved is whether or not claimant was an independent contractor or an employee. The evidence sustains the finding of the Board that he was an employee. Award affirmed, with costs to the State Industrial Board. Hill, P. J., Crapser, Bliss and Heffernan, JJ., concur; Schenck, J., dissents and votes to reverse the award and dismiss the claim on the ground that the claimant is an independent contractor.

In the Matter of the Claims of LORENA M. HEARY and MAY KASSMAN, Respondents, against LOUIS H. DRAUDT and (AMERICAN) LUMBERMENS MUTUAL CASUALTY COMPANY OF ILLINOIS, Appellants. STATE INDUSTRIAL BOARD, Respondent. In